# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| **DERRICK L. McCLURE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | NO. 1:15-cv-00035 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| ) | MAGISTRATE JUDGE NEWBERN |
| **DEBRA JOHNSON, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 245), recommending the Court deny Plaintiff's Motion for Summary Judgment (Doc. No. 214). In the Report, the Magistrate Judge determined that Plaintiff's Motion should be denied because he failed to comply with Local Rule 56.01(b), which requires the filing of a separate statement of undisputed material facts in support of the motion, and alternatively, because he has failed to demonstrate undisputed material facts entitle him to relief on his claims.

Plaintiff has filed a Motion to Object to Magistrate Judge's Report and Recommendation (Doc. No. 246). Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Plaintiff argues that his failure to comply with the Local Rule should be excused because he is proceeding *pro se.* As to the merits of his Motion, Plaintiff insists his version of the facts should be accepted because the defendants' discovery responses, which Plaintiff filed in support of his Motion, are not truthful. As explained in the Report, Local Rule 56.01(b) specifically states that *pro se* parties are not exempt from the requirement of filing a statement of undisputed material facts. Even if the Court were to excuse the requirement, however, the record is clear that numerous disputed issues of fact exist in this case, as is demonstrated in the discovery responses filed by Plaintiff. Summary judgment is appropriate only for claims where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering motions for summary judgment, the court is not to make credibility determinations, weigh the evidence, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). Plaintiff's objections fail to state viable grounds to challenge the conclusions of the Magistrate Judge, and do not otherwise provide a basis to reject or modify the Report and Recommendation.

Having fully considered Plaintiff's objections, the Court concludes they are without merit, and that the Report and Recommendation should be adopted and approved. Accordingly, Plaintiff's Motion for Summary Judgment (Doc. No. 214) is **DENIED.**

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE